FANNIE B. LEGGETT ET AL., APPELLANTS, v. THE IN-HABITANTS OF THE CITY OF PLAINFIELD, RE-SPONDENT.

HENRY D. HIBBARD ET AL., APPELLANTS, v. THE IN-HABITANTS OF THE CITY OF PLAINFIELD, RESPOND-ENT.

Argued November 11, 1921—Decided February 9, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"These are *certioraris* to review assessments for paving in Plainfield. The assessment commissioners in their report certify that in no case was any property owner assessed beyond the special and peculiar benefits actually derived from the improvement. We find nothing in the evidence

to overcome the presumption arising out of the report of the commissioners. The chief point made is that the paving was not for the benefit of the abutting property owners but for the general benefit of the city. No doubt a pavement of important streets is for the general benefit of the city and it may be that the general benefit was the moving cause of the improvement, but that does not negative the existence of special benefits to the individual property owners, which are the only benefits for which a special assessment like this can be made. Ordinarily we should think that the benefit of well paved streets would be an enhancement of value to the property. It may well be in a special case, that an improved pavement may lend to increased traffic and that it may not be desirable for a residence street, but ordinarily we should think the reverse would be true. We think there is no objection to limiting the special assessment to property along the line of improvement and ordinarily it is probable that would be more just than to distribute the expense and impose part of it upon property that does not abut on the street. It is said that a distinction ought to be made between lots where the curbing was not renewed and lots where it was, but in our judgment the curbing of a long section of street and the paving together make one job and all parties are benefited by the amount saved by utilizing the old curbing. We think the assessment was not vitiated by the fact that one of the commissioners was in the employ of the city. If in fact this had led to his taking a prejudiced view there should have been some proof of it.

"We find one error in the assessment. The property belonging to the Presbyterian church was dedicated to public use for a park, although the title was in the church. We think this fact brings the case within the rule of *New York Bay Railroad Co.* v. *Newark,* 82 *N. J. L.* 591, and distinguished it from *New York Telephone Co.* v. *Newark,* 90 *Id.* 362.

"With the exception of the park, the assessments are affirmed, with costs."

For the appellants, *Collins & Corbin.*

For the respondent, *Charles A. Reed.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, KALISCH, KATZENBACH, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—None.